IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CYNTHIA D. BYAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV151 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Cynthia D. Byas, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain review of a final decision of the Commissioner of Social Security denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The Court has before it the certified administrative record and cross-motions for judgment.

### I. PROCEDURAL HISTORY

Plaintiff filed applications for SSI on October 13, 2009 and DIB on November 5, 2009, both alleging disability beginning on March 1, 2007. (Tr. 12, 185-192, 203-04.)[1] The applications were denied initially and again upon reconsideration. (Tr. 82-83, 106-07.) Plaintiff then requested and was provided a hearing before an

---

[1] Transcript citations refer to the administrative record.

Administrative Law Judge ("ALJ"). (Tr. 134.) At the September 27, 2011 hearing were Plaintiff, her attorney, and a vocational expert ("VE"). (Tr. 12.) The ALJ determined that Plaintiff was not disabled under the Act. (Tr. 12-21.) On December 21, 2012 the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision for purposes of review. (Tr. 1-6.)

## II. STANDARD FOR REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It "consists of more than a mere scintilla" "but may be somewhat less than a preponderance." *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

The Commissioner must make findings of fact and resolve conflicts in the evidence. *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). The Court does not conduct a de novo review of the evidence nor of the Commissioner's findings. *Schweiker*, 795 F.2d at 345. In reviewing for substantial

2

evidence, the Court does not undertake to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Hays*, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See id.*; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. THE ALJ'S DISCUSSION

The Social Security Regulations define "disability" for the purpose of obtaining disability benefits as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment[2] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. §§ 423(d)(1)(a),

---

[2] A "physical or mental impairment" is an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423 (d)(3), 1382c(a)(3)(D).

1382c(a)(3)(A). To meet this definition, a claimant must have a severe impairment which makes it impossible to do previous work or any other substantial gainful activity[3] that exists in the national economy. 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## A. The Five-Step Sequential Analysis

The Commissioner follows a five-step sequential analysis to ascertain whether the claimant is disabled, which is set forth in 20 C.F.R. §§ 404.1520, 416.920. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The ALJ must determine in sequence:

(1) Whether the claimant is engaged in substantial gainful activity (*i.e.*, whether the claimant is working). If so, the claimant is not disabled and the inquiry ends.

(2) Whether the claimant has a severe impairment. If not, then the claimant is not disabled and the inquiry ends.

(3) Whether the impairment meets or equals to medical criteria of 20 C.F.R., Part 404, Subpart P, Appendix 1, which sets forth a list of impairments that warrant a finding of disability without considering vocational criteria. If so, the claimant *is* disabled and the inquiry is halted.

---

[3] "Substantial gainful activity" is work that (1) involves performing significant or productive physical or mental duties, and (2) is done (or intended) for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

4

(4) Whether the impairment prevents the claimant from performing past relevant work. If not, the claimant is not disabled and the inquiry is halted.

(5) Whether the claimant is able to perform any other work considering both her residual functional capacity[4] and her vocational abilities. If so, the claimant is not disabled.

20 C.F.R. §§ 404.1520, 416.920.

Here, in step one, the ALJ found that because a substantive determination could be made later in the sequential evaluation process, the issue of whether Petitioner had engaged in substantial gainful activity within the relevant time period was moot. (Tr. 14.) In step two, the ALJ found that Plaintiff had the following severe impairments: "lumbar mechanical pain due to facet osteoarthritis; arthritis of the cervical spine; arthritis of the right shoulder; and hypertension." (Tr. 15.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1. (*Id.*) At the fourth step of the sequence, the ALJ determined that Plaintiff was capable of performing her past relevant work. (Tr. 20.) The ALJ did not reach the fifth step of the analysis because he found that Plaintiff could perform past relevant work at step four. (*See id.*)

---

[4] "Residual functional capacity" is the most a claimant can do in a work setting despite the physical and mental limitations of her impairment and any related symptom (*e.g.*, pain). *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also Hines v Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory or skin impairments)." *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981).

5

### B. Residual Functional Capacity Determination

Prior to step four, the ALJ determined Plaintiff's RFC based on his evaluation of the evidence, including Plaintiff's testimony and the findings of treating and examining health care providers, as well as non-examining state consultants. (Tr. 15-20.) Based on the evidence as a whole, the ALJ determined that Plaintiff retained the RFC to perform medium work with manipulative and postural restrictions. (Tr. 15.) Specifically, the ALJ found that Plaintiff "can sit, stand, and walk for up to 8 hours each in an 8-hour day. She can lift/carry and push/pull 50 pounds occasionally and 25 pounds frequently. She can reach overhead occasionally. She can perform tasks requiring stooping, crouching, kneeling, and crawling frequently." (*Id.*)

### IV. ANALYSIS

Plaintiff makes five arguments that the Commissioner erred in determining that she was not disabled for purposes of the Act. First, Plaintiff argues that the ALJ erred because he failed to obtain a Medical Source Statement from Plaintiff's treating physician. (Docket Entry 11 at 6-7.) Second, Plaintiff contends that the ALJ's RFC finding as to how much Plaintiff could lift and carry was not supported by substantial evidence. (*Id.* at 7-8.) Third, Plaintiff claims the ALJ erred in analyzing her credibility because the ALJ determined her RFC prior to assessing her credibility. (*Id.* at 8-10.) Fourth, Plaintiff argues that the ALJ erred by failing to accord her testimony great weight. (*Id.* at 10-12.) Finally, Plaintiff claims that the ALJ committed factual error in

finding that her testimony was not credible. (*Id.* at 13-14.) As explained below, the undersigned concludes that remand is in order.

### A. The Error in Determining Plaintiff's Credibility Requires Remand.

In pertinent part, Plaintiff contends that the ALJ erred in determining her credibility. The undersigned agrees and concludes that the error is not harmless.

The Fourth Circuit Court of Appeals has adopted a two-step process by which the ALJ must evaluate a claimant's symptoms. First, the ALJ must determine if the plaintiff's medically documented impairments could reasonably be expected to cause her alleged symptoms. *Craig*, 76 F.3d at 594. The second step includes an evaluation of subjective evidence, considering the claimant's "statements about the intensity, persistence, and limiting effects of [the claimant's] symptoms." *Id.* at 595 (citing 20 C.F.R. §§ 416.929(c)(4) and 404.1529(c)(4)). "The ALJ must consider the following: (1) a claimant's testimony and other statements concerning pain or other subjective complaints; (2) claimant's medical history and laboratory findings; (3) any objective medical evidence of pain; and (4) any other evidence relevant to the severity of the impairment." *Grubby v. Astrue*, No. 1:09cv364, 2010 WL 5553677, at *3 (W.D.N.C. Nov. 18, 2010) (citing *Craig*, 76 F.3d at 595; 20 C.F.R. § 404.1529(c).) "Other evidence" refers to factors such as claimant's daily activities, duration and frequency of pain, treatment other than medication received for relief of symptoms, and any other measures used to relieve claimant's alleged pain. *Id.* SSR 96-7p, *Assessing the Credibility of an Individual's Statements*, also instructs the ALJ to "consider the entire case record"

and requires a credibility determination to "contain specific reasons for the finding on credibility, supported by the evidence in the case record[.]" SSR 96-7p. An ALJ's credibility determination receives "substantial deference." *Sayre v. Chater*, No. 95-3080, 1997 WL 232305, at *1 (4th Cir. May 8, 1997) (unpublished).

Here, the ALJ followed the *Craig* two-step analysis to determine Plaintiff's credibility. (Tr. 15-20.) At Step One, he found that "the [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 19.) Thus, the ALJ performed the first step of the *Craig* analysis.

An error occurred at the second step of the *Craig* analysis, however. This is because the Fourth Circuit Court of Appeals recently issued a published decision, *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), finding that an ALJ erred by using, at part two of the credibility assessment, "boilerplate" language that "the claimant's statements concerning the intensity, persistence and limiting effects of [his pain] are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* at 639. This method "'gets things backwards' by implying that ability to work is determined first and is then used to determine the claimant's credibility." *Id.* (quoting *Bjornson v. Astrue*, 671 F.3d 640, 644-45 (7th Cir. 2012)). Instead, "the ALJ [in *Mascio*] should have compared [the claimant's] alleged functional limitations from pain to the other evidence in the record, not to [the claimant's] residual functional capacity." *Id.*

8

Here, the ALJ erred in the instant case by considering Petitioner's credibility through the use of the same objectionable "boilerplate" used in *Mascio*, by finding that her "statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 19.) The question, therefore, becomes whether the error is harmless.

*Mascio* is instructive on this issue as well. In *Mascio*, the Fourth Circuit explained what harmless error would look like, stating that "The ALJ's error would be harmless if he properly analyzed credibility elsewhere." *Mascio*, 780 F.3d at 640. The Fourth Circuit made it clear that an ALJ discharges this obligation when he "explain[s] how he decided which of [the claimant's] statements to believe and which to discredit." *Id.* at 6. However, in *Mascio* the ALJ failed to explain himself accordingly, except to make "the vague (and circular) boilerplate statement that he did not believe any claims of limitations beyond what he found when considering [the claimant's] residual functional capacity." *Id.* The lack of an explanation required remand. *Id.*

In this case, to his credit, the ALJ described Petitioner's hearing testimony at considerable length. (Tr. 16-17.) The ALJ also gave some reasons for partially discounting Petitioner's testimony. For example, the ALJ stated that Petitioner "does not have any evidence of ongoing nerve root compression which might be expected based on the degree of pain alleged." (Tr. 19.) The ALJ also stated rather generally that Petitioner's treatment regime indicated that her "symptoms [were] not as

9

intractable as alleged." (*Id.*) The ALJ also addressed Petitioner's hearing statement that she is unable to "do anything" and spends her time "watching television." (Tr. 19.) The ALJ specifically discredited this statement, observing that the record failed to demonstrate the change in motor tone, bulk, body habitus, or constitutional appearance, that one would expect from a "debilitating disease process."[5] (*Id.*)

However, at the administrative hearing, Petitioner also testified that she could pick up two five pounds bags of sugar, but not four five pound bags.[6] (Tr. 43.) Yet, the ALJ stated in his decision that Petitioner testified that "she *can* pick up a 25-pound bag of flour or sugar." (Tr. 16 (emphasis added).) This is troublesome because the ALJ—who limited Plaintiff to medium work in the RFC—never specifically addressed this particular statement in his credibility analysis, which he erroneously attributed to Petitioner in his summation of her testimony. Medium work presumes Petitioner can lift twenty-five pounds frequently and fifty pounds occasionally. 20 C.F.R. §§ 404.1567(c), 416.967(c). Consequently, it is unclear whether the ALJ ever considered Petitioner's assertion that she cannot lift twenty pounds. Likewise, it is unclear whether the ALJ set Petitioner's RFC to medium work based—in whole or in part—on

---

[5] The undersigned notes that the credibility analysis set forth in the ALJ's decision is not always clear as to specifically which of Petitioner's hearing allegations is being addressed and discounted. (Tr. 19.) This leaves open the issue of whether all the limitations asserted at Petitioner's hearing were properly addressed. However, the Court need not resolve that issue, because the statement erroneously attributed to Plaintiff by the ALJ—described above—requires remand.

[6] There is some confusion here in the hearing testimony as to whether Petitioner was stating she was unable to pick up twenty pounds of sugar or two pounds of sugar. (Tr. 42-43.) In either event, Plaintiff never stated anything that could reasonably be interpreted as a statement that she could pick up twenty-five pounds of sugar.

10

an erroneous assumption that Petitioner stated at her hearing that she could lift twenty-five pounds. This lack of clarity prevents meaningful review and the undersigned is hesitant to attempt to resolve this issue in the first instance in light of the governing standard of review, articulated above.[7] Consequently, the undersigned concludes that remand is appropriate so that this issue can be resolved properly.

None of this necessarily means that Plaintiff is disabled under the Act and the undersigned expresses no opinion on that matter. Nevertheless, in light of all of the above, the undersigned concludes that the proper course here is to remand this matter for further administrative proceedings. Finally, the undersigned declines consideration of the additional issues raise by Plaintiff at this time. *Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763-64 n.3 (W.D. Va. 2002) (on remand, the ALJ's prior decision as no preclusive effect, as it is vacated and the new hearing is conducted de novo).

## V. CONCLUSION

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is not supported by substantial evidence. **IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). To this extent, the undersigned **RECOMMENDS** that Defendant's Motion for Judgment on the

---

[7] As noted, the ALJ limited Plaintiff to only occasional overhead reaching and therefore he seems to have partially credited Petitioner's testimony as to that limitation. The undersigned cannot rule out the possibility that had the ALJ considered Plaintiff's testimony as to her limitations in lifting, the RFC finding as to medium work may have been set differently as well.

11

Pleadings (Docket Entry 14) be **DENIED**, and that Plaintiff's Motion for Judgment on the Pleadings (Docket Entry 10) be **GRANTED**. To the extent that Plaintiff's motion seeks an immediate award of benefits, the undersigned **RECOMMENDS** that it be **DENIED**.

This 17th day of June, 2015.

Joe L. Webster
United States Magistrate Judge